IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Dollie S. Hinton, | ) | C/A No.: 7:05-2457-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Liberty National Life Insurance Company | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the plaintiff's motion to remand. The court has reviewed the record and memoranda of counsel. For the reason stated below, the court finds the plaintiff's motion to remand should be denied.

Plaintiff, a South Carolina citizen, sued defendant, a foreign corporation, for breach of contract, fraudulent acts accompanying the breach, and bad faith refusal to settle. The claims arose out of the defendant's failure to pay life insurance death benefit proceeds. Plaintiff originally filed this action in the Court of Common Pleas, Spartanburg County, South Carolina, on August 2, 2005.

On August 23, 2005, Defendant filed a notice of removal to this court on the basis of diversity of citizenship. Defendant contends that Plaintiff's complaint seeks actual damages in the amount of $25,000, exclusive of interest, attorney's fees, and punitive damages.

The plaintiff filed the motion to remand on September 7, 2005. Plaintiff admits that complete diversity exists among the parties, however, she argues that the defendant has not met its burden of showing that the amount in controversy exceeds the $75,000 jurisdictional minimum as required by 29 U.S.C. § 1332.

## DISCUSSION

Ordinarily, the jurisdictional amount is determined by the amount of the plaintiff's original claim, provided that the claim is made in good faith. Wiggins v. North American Equitable Life Assurance Co., 644 F.2d 1014, 1016 (4th Cir. 1981). It must appear to a legal certainty that the plaintiff cannot recover the jurisdictional amount before the case will be dismissed for want of jurisdiction. Id. Punitive damages must be considered in determining the amount in controversy unless it can be said to a legal certainty that plaintiff cannot recover punitive damages. Bell v. Preferred Life Assurance Soc'y, 320 U.S. 238, 240 (1943).

Viewing the allegations of the complaint, the court cannot say to a legal certainty that Plaintiff is precluded from recovering the jurisdictional amount. Although the plaintiff only asserts a claim for actual damages in the amount of $25,000, she also asserts entitlement to punitive damages. Significantly, the plaintiff acknowledges this claim for punitive damages is "uncapped." The court concludes that Plaintiff's claims for actual damages in the amount of $25,000 and for punitive damages in an unspecified amount may easily be read to meet the amount in controversy.

The court concludes that it has subject matter jurisdiction over the within action pursuant to 28 U.S.C. § 1332(a). In determining whether the amount in controversy requirement for diversity jurisdiction has been satisfied, the court must examine the complaint at the time of removal. See Thompson v. Victoria Fire & Cas. Co., 32 F. Supp. 2d 847, 849 (D.S.C. 1999) (citing St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 292 (1938)). In her memorandum in support of the motion to remand, the plaintiff contends that the amount in controversy is less than $75,000. However, plaintiff's counsel has not filed an affidavit, signed by the plaintiff, stating that the amount in controversy does not exceed $75,000, nor has a stipulation been filed, signed by the plaintiff, agreeing

that she would not seek damage in excess of $75,000. While some courts may give consideration to granting a motion to remand when Plaintiff's counsel has filed an affidavit, signed by the plaintiff, stating that the amount in controversy does not exceed $75,000 and/or a stipulation has been filed, signed by the plaintiff, agreeing that she would not seek damages in excess of $75,000, no such filing(s) have been made in this case. Nevertheless, a plaintiff's post-removal statement that her actual and punitive damages do not exceed $75,000 does not necessarily deprive this court of diversity jurisdiction. Id. at 849.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion to remand is **DENIED**.

**AND IT IS SO ORDERED**.

                                                  s/ R. Bryan Harwell
                                                 R. Bryan Harwell
                                                 United States District Judge

Florence, South Carolina
December 5, 2005